**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|                      |   |                               |
|----------------------|---|-------------------------------|
| JULIO SILVERIO,      | : |                               |
|                      | : | Civil Action No. 14-2821(NLH) |
| Petitioner,          | : |                               |
|                      | : |                               |
| v.                   | : | **OPINION**                   |
|                      | : |                               |
| J. HOLLINGSWORTH,    | : |                               |
|                      | : |                               |
| Respondent.          | : |                               |

**APPEARANCES:**

Julio Silverio
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
    Petitioner pro se

Paul A. Blaine, Esq.
Office of the United States Attorney
Camden Federal Bldg. & U.S. Courthouse
401 Market Street
Camden, NJ  08101
    Counsel for Respondent

**HILLMAN**, District Judge

     Petitioner Julio Silverio, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 22410.¹  The sole respondent is Warden J. Hollingsworth.²

Because it appears that this Court lacks jurisdiction over this Petition, it will be dismissed without prejudice.  See 28 U.S.C. § 2243.

## I. BACKGROUND

Petitioner was convicted in the U.S. District Court for the Eastern District of New York, in 2001, of conspiracy to commit robbery, kidnapping in aid of racketeering, and related offenses.  United States v. Silverio, Crim. No. 99-1044 (E.D.N.Y.).  On direct appeal, the Court of Appeals for the Second Circuit affirmed Petitioner's sentence of 272 months' imprisonment.  See U.S. v. Negron, 96 F.App'x 788 (2d Cir 2004).  The U.S. Supreme Court vacated the Court of Appeals' judgment to

---

¹ Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

² This matter previously was administratively terminated based on Petitioner's failure either to prepay the filing fee or submit an application for leave to proceed in forma pauperis.  Petitioner has since paid the filing fee.  Accordingly, this Court will direct the Clerk of the Court to re-open the Court's file in this matter.

permit further consideration in light of U.S. v. Booker, 543 U.S. 220 (2005).  See Silverio v. United States, 543 U.S. 1102 (2005).  The case was then remanded to the trial court for resentencing in light of U.S. v. Crosby, 397 F.3d 103 (2d Cir. 2005).  See U.S. v. Negron, 5524 F.3d 358, 360 (2d Cir. 2008).

On remand, the trial court determined that the initial sentence was appropriate.  The Court of Appeals affirmed, see id. at 359-61, and the Supreme Court denied the petition for writ of certiorari, see Silverio v. United States, 555 U.S. 910 (2008).

Petitioner then brought in the trial court a motion to vacate, pursuant to 28 U.S.C. § 2255, in which he asserted ineffective assistance of trial counsel in connection with sentencing.  The trial court denied relief, concluding that Petitioner's trial counsel had provided "excellent legal advice and representation in court."  See Silverio v. United States, Civil No. 09-4794 (E.D.N.Y. June 9, 2010) (Order and Judgment).  The Court of Appeals for the Second Circuit denied Petitioner's motion for a certificate of appealability and dismissed the appeal.  See Silverio v. United States, No. 10-2274 (2d Cir.).

Petitioner then filed in the trial court a motion for relief from judgment, pursuant to Rules 60(b)(2) and 60(b)(6) of the Federal Rules of Civil Procedure, which the trial court

denied.  See U.S. v. Silverio, Crim. No. 99-1044, 2011 WL 5507427 (E.D.N.Y. Nov. 9, 2011).

On or about April 30, 2014, Petitioner submitted this Petition, asserting jurisdiction under 28 U.S.C. § 2241, and challenging his conviction on grounds of ineffective assistance of counsel in connection with a plea offer.  As relief, Petitioner seeks to reap the benefit of a rejected plea offer, which he contends would have subjected him to a lesser term of imprisonment.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert.

4

denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case."  Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir.) (citations omitted), cert. denied, 510 U.S. 946 (1993).  See also Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  Here, for the reasons set forth below, this Court finds that it lacks jurisdiction to entertain this § 2241 Petition.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997)

5

(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the court which imposed the sentence. See 28 U.S.C. § 2255. In addition, a one-year limitations period applies to § 2255 motions. See 28 U.S.C. § 2255(f).

Section 2255, however, contains a "safety valve" permitting resort to § 2241, a statute without timeliness or successive petition limitations, and which permits filing in the court of confinement, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention." See 28 U.S.C. § 2255(e).

In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil only because it

6

would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

Thus, under Dorsainvil and its progeny, this Court would have jurisdiction over this Petition if, and only if, Petitioner

7

demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claim of ineffective assistance of counsel is targeted only to plea negotiations that may have affected the term of Petitioner's imprisonment. Petitioner does not allege actual innocence. Moreover, Petitioner's claim was known to him in time to pursue it during his previous § 2255 proceeding in the trial court. Thus, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[3] 28 U.S.C. § 2255.

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice. See United States v. Chew, 284 F.3d 468, 471 (3d Cir. 2002).

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631.  See Padilla v. Miner, 150 Fed.Appx. 116 (3d Cir. 2005); Littles v. United States, 142 Fed.Appx. 103, 104 n.1, 2005 WL 1798272 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)).  However, because § 2244(b) is effectively "'an allocation of subject-matter jurisdiction to the court of appeals,'" Robinson v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss such a petition only without prejudice.  See Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997).  Accordingly, this Court must determine whether transfer of this Petition to the Court of Appeals for the Second Circuit, for consideration as an application for leave to file a "second or successive" petition, would be in the interest of justice.

Under 28 U.S.C. §§ 2244 and 2255, the Court of Appeals may authorize the filing of a second or successive § 2255 motion only if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

9

reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

Petitioner does not allege as a grounds for relief any of those for which a Court of Appeals may authorize the filing of a second or successive § 2255. Accordingly, it would not be in the interest of justice to transfer this Petition to the Court of Appeals for the Second Circuit.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court's rulings herein are correct. Petitioner has failed to make a substantial showing of the denial of a constitutional right.

## V.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction. An appropriate order follows.


At Camden, New Jersey                     s/Noel L. Hillman
                                          Noel L. Hillman
                                          United States District Judge

Dated:  June 10, 2014